## TENNESSEE,

### FROM 1847 TO 1870,

NOT HITHERTO REPORTED.

---

### KNOXVILLE, SEPTEMBER TERM, 1847.

NATHAN GREEN,
WILLIAM B. REESE, } *Judges.*
WILLIAM B. TURLEY,

---

### ALLEN HURST *v.* JAMES SELVIDGE.

PRACTICE AT LAW.— *Continuance.*

After a continuance has been entered in a cause, no proceedings can be had in it until the term to which it is continued.

In this case in the Circuit Court of Grainger, May Term, 1846, a motion was made by the defendant for a judgment of *non pros* for want of replication. At the

January Term, 1847, the defendant amended his plea. At the September Term, 1847, on Saturday, the 28th of August, a general continuance of all cases on the Civil Docket not litigated, was entered. On the succeeding Saturday the defendant renewed his motion for a *non pros*, upon which the Court entered up a judgment of dismissal against the plaintiff, from which he appealed in error to this Court.

By the COURT :

After the continuance of the cause no rules or proceedings could be had in it until the succeeding term.*
*Judgment reversed and cause remanded.*

PRACTICE AT LAW.—*Continuance.*

*A general continuance of all causes at the end of the Term will prevent a discontinuance, without an entry of continuance in each particular case. Peck, J., in Johnson v. Ditty, 7 Yerg. 85-87. But see King of Spain v. Oliver, Pet. C. C. 217, where it was held that the continuance of a cause by consent does not discharge a rule for trial or *non pros.*