ELIZABETH G. BOYLAN

*v.*

SUSAN A. TOWNLEY.

[Filed January 27th, 1902.]

Testator's will gave his wife a life estate in certain land, and provided that she might sell the same, if she deemed it advisable, and directed the investment of the proceeds. It provided that, on the death of the wife, such land, if not sold, and, if sold, the proceeds should go to a daughter for life, and that she might "invest the same" in a certain manner. The daughter's children were given the remainder in such property, in whatever form it might be.—*Held*, that in a suit by the daughter to compel specific performance of her contract to sell the fee in the land—it not being plain that it was not the intention of the testator, in employing the words "invest the same," to refer to the proceeds in case of a sale by the widow so that the daughter would have no power of sale by implication, and the children of the daughter not being parties to the litigation, and it being impossible to make them parties, and they having a right to litigate the question after their mother's death—a decree for complainant should be denied.

*Mr. Frederick F. Guild,* for the complainant.

*Mr. Frank H. Sommer,* for the defendant.

STEVENS, V. C.

This is a bill, by vendors, to compel specific performance of an agreement, by vendee, to purchase land. The suit is resisted on the ground that complainant cannot convey a title which is free from doubt. The goodness of the title depends upon whether, under the will of Samuel T. Guerin, the complainant, Lizzie G. Boylan, has power to sell an undivided one-third interest in fee-simple in land of which she is only tenant for life. The testator owned many separate parcels of land, and as to three of them he provided that if his wife, whom he constituted his executor, should deem it prudent and advisable at any time to sell, she

might do so. He authorized her, in case she sold, to safely invest the proceeds in good bond and mortgage or in dividend-paying securities.

By the third paragraph of his will he then provided as follows:

"*Third.* On the death of my wife, I give, bequeath, and devise the said last above named three properties, viz., No. 95 Clinton avenue, No. 33 Bruen street and the undivided one-half interest in the vacant lot on Central avenue in said East Orange (if not sold, and if sold then the proceeds of such as are sold), to 'my three children, Lizzie, Theodore B. and Harry to be divided equally between them share and share alike, the shares of my two sons to go to them respectively, and their heirs respectively, forever, but the said share of my daughter Lizzie, in these said three properties, is to go to her, only for her use, for and during her natural life, and she may invest the same, or any part thereof, in such property, as she may desire, for a home for herself, taking the title in her own name or in good bond and mortgage, or in dividend-paying securities, and she is to have the use of interest and income of her said share howsoever invested, for and during her natural life, and on her death, the principal of said share, in whatever it may consist, is to be divided equally among her children, or their heirs forever; and if she should die childless then the said principal of her share shall go to my surviving children in the same manner as is hereinafter, in the fifth item, provided for the disposition of the portions given to my children in case either of them die without leaving issue, him or her surviving."

The insistment, on the part of complainant, is that the words "may invest the same or any part thereof" gives, by implication, to testator's daughter, Lizzie G. Boylan, a power of sale. If the word "same" is to be referred to its last antecedent, viz., "her share in these said three properties," then the power reads "may invest said share in these said three properties or any part thereof in such property as she may desire," &c., and the argument is that, in order to invest, Lizzie G. Boylan must first sell, and that hence she has, by implication, a power to sell, not only what constitutes her share, to wit, her life interest in an undivided third, but also the fee of that third. Assuming, contrary to the literal sense of the words, that what was probably intended was that she might invest the fee, *Seeger's Executors* v. *Seeger, 6 C. E. Gr. 90,* is a direct authority that an implied authority to sell is not given. There the executors were directed to invest two-thirds of testator's property and to use the interest and so much of the principal as was necessary for the education and maintenance of

Boylan v. Townley.

the children.  Chancellor Zabriskie held that the will did not, by implication, give a power of sale.  He said: "There is no authority or decision, so far as my researches have extended, which holds that in a will which contains no power or directions to sell, such power is created by implication, because necessary or convenient to enable the executors to execute the directions of the will."  This language was criticised by the court of appeals, in *Chandler* v. *Thompson, 17 Dick. Ch. Rep.' 723.*  The true rule was there said to be that "if a sale of the real estate is *necessary* to carry out the purposes of the testator, the power to make the sale will be given by implication, as otherwise the intention of the testator might be defeated."  Says Mr. Justice Van Syckel, in that case: "The rule of interpretation is that the implication must be clear from the terms of the entire will, and it must be found that *some duty* has been imposed by the testator upon the executors which necessarily carries with it a power of sale in order to enable him to perform the duty."

The case in hand does not fall within the terms of the rule as thus formulated.  Lizzie G. Boylan was *not* the executor, and she had no duty to perform in respect of the interest devised to her.  She was to enjoy the estate as life tenant—that was all—she was not to perform any trust.  To such a situation the rule stated by Chancellor Zabriskie might still apply.  It is one thing to hold, as was held in *Lindley* v. *O'Reilly, 21 Vr. 636,* that the power will be implied where the objects which the testator had in view cannot be effectuated unless his land be converted into money, and quite another to hold that the power will also be implied where no duty is imposed and where conversion is not a necessary part of his scheme.  It is certainly easier to deduce a power by inference where there is a duty, than where there is none.

But, aside from this, I think that there is great doubt, at least, whether the word "same" is fairly referable to its last antecedent—whether it does not refer to the prior antecedent "proceeds;" or, what amounts to the same thing, whether we should not supply after the word "same" the ellipsis "if sold."  According to this construction the daughter would take 'the land, "for her use for and during her natural life," if it came to her as land,

38

and if there had been a prior conversion by her mother of all or of part, and she thus got only "the proceeds," then she might invest *"the same"* in the manner provided for.

There are two reasons for supposing that this construction would better harmonize with testator's scheme—*first,* it is improbable that, having given his daughter only a life interest in an undivided third, he would be willing to vest her with the right to sell parcels of that third in fee, to the detriment of his grandchildren, for such parcels, as is well known, could not be sold advantageously; *second,* in the preceding paragraph he gives his wife, in express words, power to sell the very three properties which he subsequently gives, in part, to his daughter, without that express power. In the second paragraph he gives to his wife a power of sale *and* a power of investment. In the third he gives to his daughter a power of investment only. When he gives the power of sale to his wife, he gives it guardedly—she is to sell only if, in her estimation, it "be prudent and advisable." If the daughter has it at all, she has it, at least, without any *express* limitations on its exercise. Under these circumstances, in this clumsily-drawn paragraph, it is not difficult to suppose that, looking at the whole will, what the testator had reference to when he gave his daughter the power of investment was the investment of the proceeds of sale, so far as they were derived from a prior conversion, or possibly a conversion in a partition sale.

I need not, however, decide that such is the proper construction of this will. All I have to decide is that it is not plain that it is not. Lizzie G. Boylan's children are not, and could not be made, parties to this suit, and they will have a right to litigate this question at her death. Says the court of appeals, in *Tillotson* v. *Gesner, 6 Stew. Eq. 326:* "The true rule is stated in *Pars. Cont. *380,* that if the character of the title be doubtful, although the court were able to come to the conclusion that, on the whole, a title could be made that would not probably be overthrown, this would not be good title enough, for the court have no right to say that their conclusion, or their opinion, would bind the whole world and prevent an assault on the title. The purchaser should have a title which shall enable him, not only to hold his land, but to hold it in peace; and, if he wishes to  *  *  *  sell it,

to be reasonably sure that no flaw or doubt will come up to disturb its marketable value. The court cannot satisfactorily or conclusively settle a title in the absence of parties who are not before them."

The other point, viz., that Lizzie G. Boylan had power to sell as substituted administratrix with the will annexed, was not insisted upon in the counsel's brief, and does not seem to be tenable.