## GARRIGAN V. KENNEDY *et al.*

Where in an action against three defendants, one of them did not answer or appear, and no verdict or judgment was taken against him, and a notice of appeal from the judgment against the other two defendants was signed by the attorneys for such defendants, naming them, plaintiff was thereby notified that the appeal was taken only by such defendants, though the name of the other was retained in the title of the cause, and hence the appeal would not be dismissed on the ground that the notice appeared to have been taken by all of the defendants, and that the undertaking recited that the judgment was entered against all.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Mary Garrigan against Samuel Kennedy and others. From a judgment in favor of plaintiff, defendants Kennedy and Smith appeal. Reversed.

*Robertson & Dougherty* and *Kittredge, Winans & Scott,* for appellants.

*Joe Kirby,* for respondent.

CORSON, J. This is an action by the plaintiff, widow of Michael Garrigan, deceased, to recover of the defendants damages alleged to have been sustained by her by reason of

the sale of intoxicating liquors to her husband in his lifetime. Verdict and judgment were for the plaintiff, and the defendants Kennedy and Smith have appealed.

A motion has been made to dismiss the appeal on the ground that the notice of appeal purports to have been taken by all three of the defendants, and that the undertaking on appeal recites that the appeal is taken from the judgment entered against all the defendants, but that in fact one of the defendants, Gilbert Gilman, did not answer or appear in the action, and no verdict or judgment was taken against him. The respondent has filed an additional abstract setting forth the facts which he claims are shown by the record, but an examination of the original record discloses that the notice of appeal was signed by the attorneys for Samuel Kennedy and O. H. Smith, naming them. The respondent was therefore notified that the appeal was taken only by Kennedy and Smith, although the name of Gilman appeared in the title of the action. The undertaking must be construed with reference to the notice of appeal, and notwithstanding it recites that the appeal is taken from "a judgment entered against the above-named appellants," the recital must necessarily be limited to the appellants appearing by the notice of appeal, and against whom the jury found its verdict and the court entered judgment. Retaining the title of the case, therefore, in the notice of appeal and undertaking, could not have misled the respondent, and, as the appeal was only by Kennedy and Smith, the undertaking is clearly valid and binding upon them. The motion to dismiss the appeal must therefore be denied.

Upon the merits of the case it is sufficient to say that the case is similar to that of Mary Garrigan v. John T. Thompson

*et al.*, 17 S. D. 132, 95 N. W. 294, and the questions involved are practically the same as those involved in that case. For the reasons stated in that decision, therefore, the judgment of the court below is reversed.