## GARRIGAN v. HUNTIMER et al.

Rev. Pol. Code, § 2839, requires a saloon keeper to give bond conditioned that he will not sell liquor to any person in the habit of getting intoxicated, and to pay all damages that may be adjudged to any person for injuries by reason of his selling such liquor. Section 2844, prohibits, subject to a penalty of fine and imprisonment, the sale of liquor to any one in the habit of becoming intoxicated. Section 2849 gives an action to a married woman on a saloon keeper's bond for damages sustained by her or her children on account of the liquor traffic. *Held* that, since the damages sustained by a married woman by reason of a sale of liquor to her husband are secured by the saloon keeper's bond, an action to recover such damages is an action upon contract, and survives, notwithstanding the death of the saloon keeper.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH. W. JONES, Judge.

Action by Mary Garrigan against Joe Huntimer and others. From a judgment of dismissal, plaintiff appeals. Reversed.

*Joe Kirby*, for appellant. *Robertson* & *Dougherty, A. B. Kittredge,* and *Rogde* & *Winans, f*or respondents.

CORSON, J. This is an appeal by the plaintiff from a judgment dismissing the action. The action was brought by the plaintiff to recover damages alleged to have been sustained by her in her means of support as the widow of Michael Garrigan, whose death was caused by the sale to him of intoxicating liquors by the defendant Huntimer. This is the second appeal in this case, the judgment in the first appeal having been reversed for errors occurring in the charge of the court, and the case is reported in 17 S. D. 352, 96 N. W. 1135. This is one of three similar cases; the other two being Garrigan v. Thompson, 17 S. D. 132, 95 N. W. 294, and Garrigan v. Kennedy, 17 S. D. 258, 96 N. W. 89. The facts giving rise to the plaintiff's claim are so fully stated in these various decisions that it will not be necessary to repeat them in this opinion. When the case was reached on the preliminary call of the calendar

at the April term, 1905, the defendants moved the court to dismiss the action upon affidavits showing that the defendant Huntimer died the preceding January or February. This motion was granted, and it is from the judgment entered thereon that the plaintiff has appealed.

It is contended by the respondents, in support of the judgment of the trial court, that the action was for an alleged tort of the defendant Huntimer, and that, as such, it did not survive, and was therefore properly dismissed. It is contended on the part of the appellant that the action, being upon the bond executed by Huntimer under the provisions of the statute, was an action on contract, and that the action, therefore, did survive as against the sureties on the bond, and might be properly continued as against the administrator or executor of Huntimer. We are of the opinion that the contention of the appellant should be sustained, and that the learned circuit court committed error in dismissing the action. The Legislature, in adopting the license system for the sale of intoxicating liquors in this state, has inhibited the sale by the persons permitted to engage in the business to any person who is intoxicated, or one who is in the habit of becoming intoxicated, and a penalty of fine and imprisonment is imposed upon the person violating the provisions of the section. Section 2844, p. 190, c. 165, Laws 1903. By section 2839, Rev. Pol. Code, it is provided that before a person can be permitted to engage in the business of selling intoxicating liquors he must execute a bond with sureties, the material parts of which are as follows: "Whereas, the said principal has covenanted and agreed and doth hereby covenant and agree, as follows, to-wit: That he will not directly or indirectly by himself, his clerk, agent or servant at any time sell, furnish, give or deliver any spirituous, malt, brewed, fermented, or vinous liquors * * * to any adult person whatever who is at the time intoxicated, nor to any person in the habit of getting intoxicated, * * * that he shall also pay all damages, actual and exemplary, that may be adjudged to any person or persons for injuries inflicted upon him or them either in person or property or means of support or otherwise by reason of his selling, furnishing, giving or delivering any such liquor. Now the con-

ditions of this obligation are such that if said principal shall well and truly keep and perform all and singular the foregoing covenants and agreements and shall pay any judgment for actual or exemplary damages, * * * then this obligation shall be void and of no effect, otherwise the same shall be in full force and effect." And by section 2849, Rev. Pol. Code, it is provided: "And it shall be lawful for any married woman or any other person at her request to institute and maintain in her own name a suit on any such bond mentioned in this article for all damages sustained by her or by her children on account of such traffic; and the money when collected shall be paid over for the use of herself and children." It will be observed by the latter section that the action of a married woman or widow to recover such damages as she may actually sustain is upon the bond so executed by the person engaged in the business and his sureties. Construing these various sections together, it clearly appears that it was the intention of the Legislature, not only to prohibit the sale of intoxicating liquors to an intoxicated person or one in the habit of becoming intoxicated, and to prescribe penalties therefor, but also to secure to a married woman the right to recover such damages as she may actually sustain by reason of the sale of such intoxicating liquors to her husband, and that her right to such damages should be secured by the bond so required. The action of the plaintiff in this case is, as will be observed, brought upon the bond against the principal and his sureties to recover damages sustained by her as the widow of Garrigan. This action is therefore, clearly, an action upon contract. It is not an action for a penalty, as the penalty prescribed by the statute for the violation of any of the provisions of the act is fine and imprisonment. Her right of action is limited exclusively to an action upon the bond, and she is only authorized to recover thereon her actual damages.

It is contended by the respondents that the action in this case belongs to the same class as actions for assault and battery, false imprisonment, etc., but in that class of cases the action is not upon a contract executed by the party sought to be charged, but for the wrongful and tortious acts of the party. The basis of the action in this case is the agreement on the part of the defendant Huntimer

and his sureties that they will pay to the plaintiff any damages not exceeding $2,000, which she may sustain by reason of the sale of intoxicating liquors to her husband while intoxicated, or to him as a person in the habit of becoming intoxicated. The right is conferred upon the plaintiff by statute to enforce such a liability as against defendant and his sureties. Possibly if the defendant Huntimer was made liable under the statute but was not required to execute any bond to pay such damages as might be sustained by the wife under the authorities cited by respondents, it might be regarded as an action *ex delicto;* but, as before stated, the action is not brought upon that theory. It is upon the contract that the plaintiff seeks to recover, and not for the wrong committed independently of the contract. In our view, the statute giving the right to a married woman to recover for the actual damages sustained by her in her loss of support by reason of the sale of intoxicating liquors to her husband is remedial in character, and not in the nature of a penalty. The theory upon which a number of cases cited by respondents in support of their contention seems to have been decided was that the actions were to recover damages in the nature of penalties for a violation of the provisions of the act under which the actions were brought, and hence that the actions did not survive the death of the defendant, but, as before stated, under the provisions of our Code, the action is not to recover any penalty, but to reimburse the widow for such actual loss as she has sustained by reason of the act of the defendant Huntimer, and which damages he and his sureties have contracted to pay, as appears by the bond required to be executed by him.

We have not deemed it necessary to review the decisions cited by respondents' counsel, as they were made upon statutes so entirely dissimilar to our own that they afford us but little light in determining the questions before us. We are of the opinion, therefore, that the plaintiff's right of action survives, notwithstanding the death of the principal defendant Huntimer, as against his estate and against the sureties.

The judgment of the court below dismissing the action is reversed.