[Civil No. 916.  Filed March 30, 1906.]

[85 Pac. 724.]

SOUTHWESTERN COMMERCIAL COMPANY, a Corporation, Defendant and Appellant, v. GEORGE V. OWESNEY, Assignee of Thomas J. Turner, Plaintiff and Appellee.

1. ATTACHMENT—EXPENSES—PRESERVATION OF PROPERTY—REV. STATS. ARIZ. 1901, PARS. 350, 354, CONSTRUED.—Under paragraph 350, *supra,* which, although it makes no specific provision for the payment of expenses incurred by sheriffs in keeping attached property, yet clearly recognizes their rights to reimbursement, and paragraph 354, *supra,* providing that if the personal property be not replevied or reclaimed or sold under order of court, the judge may make such order for the preservation or use of the same as shall be to the interests of the parties, a sheriff, who, at the request of the plaintiff in attachment, without any order of court, places a watchman in charge of the property, who performs services, may recover the expense from the plaintiff.

2. SAME—COSTS—TAXATION.—Where the court makes an order for the preservation of property held under attachment it would seem the expenses might properly be taxed as costs in favor of the successful attaching plaintiff.

3. SAME—PLEADING — COMPLAINT — RECOVERY OF EXPENSES. — A complaint for the recovery of expenses incurred by sheriff in attachment alleging that the attached property was held by the sheriff at the instance and request of the defendant, that at defendant's instance he incurred expense in keeping a watchman in charge for a specified period, that the amount paid the watchman was reasonable, and that no part of the expense had been paid by defendant,—renders it good against demurrer.

4. SAME—PAYMENT BY NOTE.—Conceding that it was material that the sheriff, before he can recover expenses paid to watchmen placed in charge of goods upon request of plaintiff in attachment, must have paid the watchman, the giving of his note by the sheriff to the watchman is sufficient.

5. ASSIGNMENT—EVIDENCE.—A written assignment of a claim, and the testimony of the assignor that he had assigned his claim to assignee, is sufficient proof of assignment to justify recovery by assignee.

6. APPEAL AND ERROR—OBJECTION NOT MADE IN TRIAL COURT.—Objections as to qualifications of witness to testify as to his opinion of the value of services cannot be made for the first time on appeal.

X Ariz.—4

APPEAL from a Judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz. Eugene A. Tucker, Judge. Affirmed.

The facts are stated in the opinion.

Hereford & Hazzard, for Appellant.

It is unquestionable that keeper's fees are taxable as costs in the suit, and are always so recovered when they are recoverable at all. The Arizona statute is silent as to keeper's fees, and in the absence of a compliance with a statute giving the right to such fees, the sheriff must rely on his contract. 25 Am. & Eng. Ency. of Law, 2d ed., p. 733; *Perrin* v. *McMann,* 97 Cal. 52, 31 Pac. 837; *Bower* v. *Rankin,* 61 Cal. 108; *Geil* v. *Stevens,* 48 Cal. 590; Shinn on Attachments, sec. 285.

Before there could be a recovery, the plaintiff was bound to prove that Robert C. Turner had performed the services required of him and accounted for the property in his custody. 4 Ency. of Plead. & Prac., p. 663.

George K. French, for Appellee.

CAMPBELL, J.—This action was brought by George V. Owesney, as the assignee of Thomas J. Turner, to recover the amount claimed to have been expended by Turner, as sheriff, in keeping certain property under attachment in an action wherein the Southwestern Commercial Company was plaintiff and William Reid and John Baker were defendants. The cause was tried to a jury and resulted in a verdict for plaintiff. From the judgment entered thereon, and an order denying a motion for a new trial, the defendant appeals.

The first assignment of error challenges the sufficiency of the complaint as against a general demurrer. The complaint alleges that the defendant instituted suit against Reid and Baker and caused their goods and chattels to be attached; that, at the instance and request of the attaching plaintiff, defendant herein, the sheriff placed a watchman in charge of the goods so attached, who performed services for a specified period. It is not alleged that the court or judge made any order for the preservation of the property, nor is it

made to appear what the final result of the attachment proceedings was. Appellant urges that the expenses of keeping the attached property should be taxed as costs in the attachment action, and that the complaint in this action should show the disposition of the attachment proceedings, and why, if true, the expenses of keeping the property were not taxed as costs in that action. The statutes of this territory do not make specific provision for the payment of expenses incurred by sheriffs in keeping attached property, though clearly recognizing their rights to reimbursement. Par. 350. Paragraph 354 of the Revised Statutes of 1901 provides: "If the personal property be not replevied or claimed or sold under the several provisions of this chapter, the judge, or justice of the peace, as the case may be, may, either in term time or in vacation, make such order for the preservation or use of the same as shall appear to be to the interest of the parties." The statutes of most of the states specifically provide the method by which such expenses are to be met. Because of the different statutory provisions, the opinions of the courts are of but little value except in connection with the particular statutes which they construe. The most of them, we believe, hold that where the law specifically provides the manner in which such expenses are to be paid, that manner only must be pursued. While we think the proper course under our statute is to have the court or judge make an order for the preservation of the property, as permitted in paragraph 354, in which event it would seem the expenses might properly be taxed as costs in favor of the attaching plaintiff, if successful in his suit, still, if he prefers to authorize the sheriff to incur the expenses without availing himself of the order of the court, we see no reason why the sheriff may not recover the amount necessarily expended from the plaintiff in attachment, without regard to the result of the attachment proceedings. Indeed, it seems doubtful whether the plaintiff in such a case is entitled to have the expenses taxed as costs against the defendant. The statute evidently contemplates that the court should exercise supervision and control over such expenses in order to prevent unnecessary and excessive charges.

Appellants urge that the complaint is defective in other respects. While it is not, perhaps, as definite in its allegations as good pleading would require, we think that the facts that

the attached property was held by the sheriff at the instance and request of the defendant, that at its instance and request he incurred expense in keeping a watchman in charge of the property for a specified period; that the amount paid the watchman was reasonable; that the sheriff assigned the claim for reimbursement he had against the defendant to the plaintiff in this action; and that no part of the amount had been paid, are fairly well stated in the complaint and render it good as against the demurrer.

The second assignment of error is the refusal of the court to direct a verdict for the defendant at the close of plaintiff's evidence, on the ground that there was no evidence upon which the jury could legally return a verdict. It is claimed by the appellant that there is no evidence that the sheriff had paid the watchman for his services, or that the sheriff's claim had been assigned to plaintiff. Conceding that it was material that the sheriff must have paid the watchman before a right of action accrued to him against the defendant, we find testimony from both the sheriff and the watchman that the sheriff had given his promissory note to the watchman in payment, and the note is in evidence. It is true that in response to questions asked upon cross-examination, the watchman testified that neither the commercial company nor the sheriff had paid him anything. By this he evidently meant that he had received no money for his services, as he had just testified that he had received the sheriff's note, which had been put in evidence. There is a written assignment of the sheriff's claim to the plaintiff in this action in evidence, and the sheriff also testified that he had assigned the claim to the plaintiff.

Appellant complains of the action of the trial court in refusing to give certain instructions asked for by it, but reading all of the instructions given together we fail to perceive that appellant has any ground for complaint. Complaint is also made of the action of the court in permitting witness S. F. Noon to express an opinion as to the value of the services of a watchman in the locality in which the services in this case were rendered. The objection made was, that opinion evidence is not admissible to prove the value of services. But it is urged here that the witness was not qualified to give such testimony, he not having lived in the vicinity at any time during

the past seven years. Opinions as to the value of services are admissible where the witness is qualified from knowledge and experience to express them. The fact that the witness had not been familiar with the conditions in the vicinity in which the services were rendered for some years was developed on cross-examination. As no objection was made upon the ground that the witness was not qualified to testify as to the value of the services, and no motion was made to strike out the testimony after such fact was ascertained, the appellant may not now complain.

No error being apparent, the judgment is affirmed.

KENT, C. J., SLOAN, J., DOAN, J., and NAVE, J., concur.