[Civil No. 1565.   Filed March 30, 1918.]

[171 Pac. ·992.]

GEORGE KIRKLAND and J. R. WILLIAMS, as Copartners Doing Business Under the Firm Name and Style of KIRKLAND & WILLIAMS, and WILLIAMS & KIRKLAND, Defendants, GEORGE KIRKLAND, Appellant, v. A. E. SPRIGGS, Appellee.

1. APPEAL AND ERROR—NOTICE OF APPEAL—BOND—DISMISSAL.—When notice recites appeal by partnership consisting of appellant and another, and the attorney filing was not then attorney for such other, who had not been served and did not appear, the notice was effective only as to appellant's appeal, and his individual bond is not at variance therewith.

2. PARTNERSHIP—ASSIGNMENT OF NOTE—DEMURRER.—Whether a note assigned was signed individually by defendant or was for a partnership debt, as alleged in the complaint, cannot be determined by demurrer, but must await evidence.

3. ACTION—JOINDER OF CAUSES—EX CONTRACTU—EX DELICTO.—A cause of action seeking damages for breach of duties imposed under a lease *held* not *ex delicto,* and not subject to a demurrer for joinder with *ex contractu* causes.

4. APPEAL AND ERROR — REVIEW — MATTERS NOT PREJUDICIAL.—Assignments of error as to the admission of testimony which did not militate against appellant will not be reviewed.

5. APPEAL AND ERROR—HARMLESS ERROR—CURE BY VERDICT—INSTRUCTIONS.—An instruction upon the measure of damages, if error favoring plaintiff, was cured by a verdict of $1 for plaintiff, where it appears plaintiff should have recovered many times such amount.

6. COSTS — PRESERVING PROPERTY — EXPENSES.—Under Civil Code of 1913, paragraphs 1410, 1413, 1417, attached personal property must remain in the hands of the officer unless bonded or sold according to law, or preserved under order of court, and where no order was given, nor agreement made between the parties, and plaintiff kept defendant's stock, his expenses therefor are not taxable costs under paragraph 638, setting forth items taxable, including disbursements incurred pursuant to order of court or agreement of parties.

7. APPEAL AND ERROR—REVIEW—ASSIGNMENTS OF ERROR—COURT RULES. That an alleged error was presented in appellant's motion for new trial and argued at length in his brief is not sufficient under supreme court rule 8, subdivisions 1 and 2, requiring separate and distinct statement of grounds in assignments of error.

APPEAL from a judgment of the Superior Court of the county of Maricopa. R. C. Stanford, Judge. Judgment modified and as modified, affirmed.

Mr. J. J. Cox, Mr. W. H. Stilwell and Mr. A. Y. Moore, for Appellant.

Mr. M. J. Dougherty and Mr. F. H. Swenson, for Appellee.

ROSS, J.—Appellee, as plaintiff, instituted suit against defendants as partners for arrearages in rent, for damages for breach of contract of lease, for money loaned to the partnership, and for assigned wage accounts of three employees of the partnership. Six causes of action were set out in the complaint. Two of these causes of action grew out of transactions between appellee and defendants; one for rent for $294, and one for the alleged breach for $1,000. The others were assigned to appellee for collection and were a note to the Salt River Valley Bank for $400 made and executed by defendant Williams. This cause is set out in two counts; one on the contract with appropriate allegations, and the other on the general count for money loaned the partnership. The other three causes of action were for work and labor of employees of defendants aggregating $54.50, or a total of $1,748.50.

The defendant Williams was not served with process and made no appearance. Appellant, Kirkland, demurred to the complaint for a misjoinder of parties defendant and because, as he contends, it improperly unites actions *ex contractu* with an action *ex delicto*. The demurrers were overruled. In his answer he denied the partnership, as also any indebtedness for rent or on account of the note made by Williams or for money loaned Kirkland and Williams by the bank or for wages of employees, or for breach of contract of lease. A jury trial was had which resulted in a verdict for appellee for $1. At the time suit was filed a writ of attachment was sued out and levied upon some 15 head of dairy cows, 22 head of calves or young cattle, some horses, and other personal property. The officer who made the levy turned this livestock and other property over to appellee as custodian or bailee. For the care of the stock, appellee claimed, and was allowed by the court, in his cost bill, $894.27, after deducting a credit of $67.73 for milk, for hides of calves that had died, and for milk

cans sold by the custodian.   Appellee was allowed $60 for the labor of milking cows, $20 for treating sick cattle, and $12.50 for sheep dip and a blackleg injector, all told, with the costs of the clerk, sheriff, and witness fees, and mileage, $1,323.52, which was taxed against appellant, Kirkland, in the court's judgment.   Appellant moved for a new trial.   He appeals from the judgment and the order overruling his motion for a new trial.

The appellee has made a motion to dismiss the appeal, based upon the following facts of record: The notice of appeal recites that it is an appeal by the partnership composed of Kirkland and Williams, whereas the bond on appeal is executed by Kirkland in his individual capacity and for him only.   This variance between the notice and the bond might be fatal under other circumstances, but not under the present.   Williams had failed to appear.   In fact, it is shown that he had left the country under a cloud.   The attorney for Kirkland had no right or authority to represent Williams, and when he drafted the notice of appeal he was not Williams' attorney.   The notice, in fact, then, was effective only as to Kirkland's appeal. The variance between the notice and the bond is more apparent than real.   *Garrigan* v. *Kennedy*, 17 S. D. 258, 96 N. W. 89.   The motion to dismiss is denied.

The demurrer for misjoinder of parties defendant was based on the fact that the assigned note from the Salt River Valley Bank was signed by Williams individually and that it was therefore his debt and not a partnership debt.   The complaint, however, alleges that the $400 was obtained for and used by the partnership.   If that be true, it was a partnership debt.   Whether true or not, it cannot be determined by demurrer, but must await the evidence.

An action for breach of contract may or may not sound in tort.   In the present complaint it is based on the violation of covenants and agreements contained in the lease, from which it is alleged appellee suffered damages.   The duties imposed under the lease, for the breach of which damages are sought, were contractual.   1 C. J. 129, § 153.   Actions in contract and in tort were not united in the complaint, and the demurrer on that ground was properly overruled.

Appellant has assigned a great number of errors based on rulings of the court: (a) In not releasing attached property on his motion; (b) in not ordering a nonsuit on his motion;

(c) in overruling motion for arrest and for a new trial; (d) in instructing the jury; (e) in the admission of testimony over defendants' objection; (f) in the rejection of testimony offered by him; and (g) in overruling defendants' objections and exceptions to the cost bill.

Most of these assignments we will pass over as without merit. It is evident that the testimony to which appellant excepted, even if erroneously admitted, did not militate against appellant, and the same may be said as to the instructions on the measure of damages, the verdict being for only $1 as against $1,748.50 claimed in the complaint. Under the evidence and the admissions in the pleadings, it appears that appellee should have recovered at least the balance of rent due, to wit, $294, and we can only account for the small verdict upon the theory that the jury concluded the appellee's conduct toward appellant was so harsh and oppressive as to merit the rebuke implied in its verdict. From any viewpoint, appellant cannot complain of the verdict, and appellee does not complain.

The allowance in the cost bill of the charges for keeping and caring for the livestock attached from the time of the attachment to the time of the trial and judgment is presented by appellant's assignment as error. The attachment was levied by the constable of Mesa precinct, who took possession of the attached property and immediately turned it over to appellee as custodian or bailee. In connection with the cost bill is found a written statement by the constable in which he says, after giving an itemized statement of costs and expenses incurred:

"That he placed said property under the care of A. E. Spriggs who held possession of said property for this claimant as constable, and subject to this claimant's direction and supervision as constable; . . . that he, the said claimant, undertook to see that the said A. E. Spriggs should be repaid for his services, feed, and care of said property to the amount and out of any and all costs allowed by this court for the caring and feeding of said property; and that the foregoing charges are the reasonable costs for feeding and caring for said property."

The charges for the care and keeping of attached property are contained in appellee's verified cost bill. Our statute on attachments (chapter 1, title 6, Civil Code 1913) nowhere in direct terms provides for the payment of charges for keeping

and caring for the attached property, but that the officer shall be paid for his expenses incurred in the caring for the property attached is clearly implied in section 1413, wherein it is provided for its sale, if ''the keeping of the same until the trial will necessarily be attended with such expense or deterioration in value as greatly to lessen the amount liable to be realized therefrom.''

If the property attached is personal, the requirement is that it remain in the hands of the officer unless bonded by the defendant or a third party, or unless sold as provided by law. Section 1410. But if it is not disposed of in one of these ways, it is provided that:

''The judge or justice of the peace, as the case may be, may make such order for the preservation or use of the same as shall appear to be to the interest of the parties.'' Section 1417.

No order for the use and preservation of attached property was made by the court or judge, and while, perhaps, such an order, under the law as it existed prior to 1913, was not indispensable to entitle the plaintiff to recover expenses incurred in caring for property, since that time it would seem that the power of the court to tax such costs is dependent upon the making of the contemplated order.

Section 638 of the Civil Code of 1913 defines what the costs in the superior court are or may be. This definition includes ''the fees of officers, of witnesses, cost of taking depositions, compensation of referees, cost of certified copies of papers or records, and such other disbursements as may have been made or incurred pursuant to any order of court or agreement of the parties.''

This definition particularly points out what may be taxed as costs in the superior court and, among other things, names disbursements incurred pursuant to any order of the court or agreement of parties. These expenses could have been taken care of in either of these ways. It is not uncommon to do it by agreement, but, the parties failing in that, it would be an easy matter to obtain an order of the court. In *Southwestern Commercial Co.* v. *Owesney,* 10 Ariz. 49, 85 Pac. 724, an action against the attachment creditor to recover expenses of the sheriff in caring for attached property, CAMPBELL, J., said:

''We think the proper course under our statute is to have the court or judge make an order for the preservation of the

property, as permitted in paragraph 354 (Revised Statutes of 1901; section 1410, Civil Code), in which event it would seem the expenses might properly be taxed as costs in favor of the attaching plaintiff, if successful in his suit. . . . The statute evidently contemplates that the court should exercise supervision and control over such expenses in order to prevent unnecessary and excessive charges.''

While this observation by the learned judge may not have been necessary in the decision of that case, it cannot be criticised as an unfounded or unwarranted construction of our attachment law in the respect alluded to, and the legislature, in enacting section 638, *supra,* must have been influenced, if not by his language, by the same consideration. That the costs enumerated in section 638 were intended to be the only costs allowed is evidenced by the fact that a jury fee could not be assessed as costs until it was amended by chapter 26, Regular Session, Second Legislature, 1915, where it is provided:

"There shall also be included . . . a jury fee. . . .''

We conclude that the costs in the superior court are limited by section 638 to those named therein, and as the expenses incurred in caring for the livestock attached were not made or disbursed in pursuance of an order of the court or judge, nor by agreement of the parties, they are not a proper charge against appellant. We think the following items should be stricken from the cost bill: $894.27 for care of stock; $60 for labor in milking cows; $20 for treating sick cattle; $12.50 for sheep dip and blackleg injector.

Happily, the burden in this case falls where it should. Appellee, in addition to trying to collect what he claimed was due him for a debt and damages, assumed to accommodate other alleged creditors of defendants, and attached to secure an aggregate sum of $1,748.50, a considerable number of live animals needing peculiar care and attention. We have examined the evidence on the issue of damages for breach of contract, for which he asks $1,000, and our conclusion is that the jury was justified in returning, as it did, a verdict for nominal damages only. Whether the verdict was based upon this cause we do not know, but be that as it may, property of appellant to secure it was taken and held at great expense, and, as it turned out, it was unjustly taken. If this item had been left out and the suit prosecuted for appellee's rent, the property

attached would necessarily have been much less and proportionately less expensive to keep and care for. While it is the duty of the officer to attach so much of defendant's property as may be sufficient to satisfy the command of the writ, it is also the duty of plaintiff, where his claim is for unliquidated damages, to be reasonable in his demand, especially if he would use the writ of attachment in aid of its collection. Otherwise, a writ intended to promote justice may be converted into an instrument of oppression.

Appellant devotes much of his brief to arguing that the jury and the appellee were guilty of misconduct, and therefore that he was denied a fair trial. He has failed to make any assignment of such error. True, he presented the point in his motion for a new trial, the overruling of which he assigns as error, but this is not sufficient under our rules. He should have stated this ground of error separately and distinctly. Supreme Court Rule 8, subds. 1 and 2. However, we have examined the facts upon which he bases his argument of misconduct, and do not agree with him that he was deprived of a fair trial or that the jury or appellee were guilty of misconduct.

The judgment of the lower court should be modified by striking therefrom the items of cost above enumerated, and as modified affirmed; appellant recovering his costs on appeal. It is accordingly ordered.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.