[Civil No. 4219.   Filed September 30, 1940.]

[105 Pac. (2d) 960.]

W. C. WILLIAMS, J. D. WILLIAMS, C. R. WILL-
IAMS, ALPHA E. RUDD, by J. H. WILLIAMS,
Their Attorney-in-fact, Appellants, v. OLA E.
HAGANS, a Widow, Appellee.

Messrs. Lewkowitz & Wein, for Appellants.

Mr. A. David Latham and Mr. George M. Sterling, for Appellee.

ROSS C. J.—This appeal is from an order disallowing expenses of watchmen put in charge of attached property by the sheriff pending its disposition.

The plaintiffs (appellants), on February 27, 1939, commenced this action to recover from defendant (appellee) on her promissory note, principal and interest, $430.41, an attorney's fee of $35.00 thereon and one month's rental for space occupied by her in their building for a drug store at $65.00 per month, and at the same time caused a writ of attachment to be issued and levied upon such drug store, including the stock of drugs, equipment and fixtures, as security for any judgment they might obtain. The writ was served by the sheriff of Maricopa county on the day he received it (February 27, 1939) by taking possession of the store and its contents, and it remained in his possession thence until June 14, 1939, on which date judgment was rendered against defendant for $537.25, the attachment lien was foreclosed and the attached property ordered sold.

The plaintiffs' cost bill, filed in the case on June 16, 1939, amounted to $950.60. This sum is made up in part of the following item:

"For 2 watchmen, J. W. Anderson & W. R. Winton, deputy sheriffs appointed by the Sheriff of Maricopa Co., to take charge & protect goods under writ of attachment from date of issuance of writ of attachment to and including June 14, 1939, $827.50."

(It seems to be agreed that the watchmen were paid $10.00 per day part of the time and $7.50 part of the time, and that there was only one of them on watch at a time.)

The court disallowed the above item of expense and whether the court was right is the only question

for decision on this appeal. It was not a question with the court as to whether watchmen were needed or as to whether if needed they were paid too much. The question was as to whether under our statutes and decisions plaintiffs had done, or caused to be done, the things necessary to entitle them to recover these expenses from the defendant.

The sheriff in executing the writ acted as the agent of plaintiffs and could of course look to them for all legal and reasonable expenditures incurred in the performance of his duty. But, in order for the plaintiffs to recover such expenses from the defendant, their incurrence, defendant insists, must be under the direction and control of the court. The statute providing such procedure is section 4253 of the Revised Code of 1928 and reads:

"*Preservation of personal property.* If the personal property be not replevied or claimed or sold, the court or justice of the peace, may make such order for the preservation or use of the same as shall appear to be to the interest of the parties."

In *Southwestern Commercial Co.* v. *Owesney,* 10 Ariz. 49, 85 Pac. 724, the court, in speaking of the expenses of keeping attached personal property under the attachment statutes, which have not been materially changed in respect to such expenses, said:

" . . . The statutes of this territory do not make specific provision for the payment of expenses incurred by sheriffs in keeping attached property, though clearly recognizing their rights to reimbursement. . . . The statutes of most of the states specifically provide the method by which such expenses are to be met. Because of the different statutory provisions, the opinions of the courts are of but little value except in connection with the particular statutes which they construe. The most of them, we believe, hold that where the law specifically provides the manner in which such expenses are to be paid, that manner only must be pursued. While we think the proper course under

our statute is to have the court or judge make an order for the preservation of the property, as permitted in paragraph 354 [Rev. Stat. 1901], in which event it would seem the expenses might properly be taxed as costs in favor of the attaching plaintiff, if successful in his suit, still, if he prefers to authorize the sheriff to incur the expenses without availing himself of the order of the court, we see no reason why the sheriff may not recover the amount necessarily expended from the plaintiff in attachment, without regard to the result of the attachment proceedings. Indeed, it seems doubtful whether the plaintiff in such a case is entitled to have the expenses taxed as costs against the defendant. The statute evidently contemplates that the court should exercise supervision and control over such expenses in order to prevent unnecessary and excessive charges."

In the Owesney case the court upheld the right of a sheriff to recover from a plaintiff in attachment expenses incurred in keeping the attached property, on the ground that such expenses were incurred at the plaintiff's instance and request, and at the same time construed the statute as not allowing a plaintiff to recover such expenses from the defendant unless they were incurred under the direction of the court. While this last feature of the court's opinion was unnecessary, it seems to us what was said was implicit in the language of the statute.

In *Kirkland* v. *Spriggs,* 19 Ariz. 425, 171 Pac. 992, 994, the question of the right to recover the charges of the keeper of attached property, when such keeper was appointed by the attaching officer without an order previously obtained from the court, was involved and the court, in construing our statute with reference to such expenses, approved of what was said in the Owesney case. We also said in the Spriggs case that such expenses could not be allowed because they were not "made or incurred pursuant to any order of court or agreement of the parties," as provided

in paragraph 638, Civil Code, Revised Statutes of 1913, now section 1482 of the Revised Code of 1928. This section provides what the costs in the superior court are or may be. The material part of such section reads:

"§ 1482. *Taxable costs in superior court; jury fees.* Costs in the superior court shall include the fees of officers, witnesses, costs of taking deposition, compensation of referees, cost of certified copies of papers or records and such other disbursements as may have been made or incurred pursuant to an order of court or agreement of parties. . . . "

Plaintiffs contend that they should have their expenses for watchmen from May 8, 1939, the date they petitioned the court for an order to sell the property as perishable. They claim that such expenses after that date should be borne by defendant because they would not have been incurred had she not successfully resisted such petition. The defendant resisted such sale on the ground that she was a licensed druggist and wanted to keep her business intact and, further, on the ground that this action was prosecuted against her because she, on or about February 13, 1939, had sued plaintiffs for damages for negligently permitting the plumbing over her drug store to leak on her stock of drugs to her damage in excess of $900.00—a sum much larger than she owed plaintiffs—and, further, that only about $125.00 worth of her stock was perishable, such as tobacco, candy, gum, fountain syrups and pharmaceuticals which had become worthless within about one week after the closing of her store. The defendant contended that if her damages were set off against her debt she would owe plaintiffs nothing, and that this action was brought against her because she had sued plaintiffs for damages for negligence. See *Williams et al.* v. *Hagans, ante,* p. 83, 105 Pac. (2d) 958.

█ Upon the showings made, the court refused to order the sale and, that being so, the contention that defendant should bear the expenses from the date of such refusal is hardly tenable. At all events, it would not supply the law's demands that the court make an order for the preservation or use of the property "to the interest of the parties." Section 4253, *supra*.

We think the court correctly decided the question. The judgment is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.