423 P.2d 359

**L. H. BODINE and W. O. Bodine, husband and wife, Appellants,**

**v.**

**LIGHTNING MOVING AND WAREHOUSE COMPANY, an Arizona corporation, and L. C. (Cal) Boies, in his capacity as Sheriff of Maricopa County, but not individually, Appellees.**

**L. C. (Cal) BOIES, in his capacity as Sheriff of Maricopa County, but not individually, Cross-Appellant,**

**v.**

**LIGHTNING MOVING AND WAREHOUSE COMPANY, an Arizona corporation, and L. H. Bodine and W. O. Bodine, husband and wife, Cross-Appellees.**

**1 CA–CIV 173.**

Court of Appeals of Arizona.
Feb. 10, 1967.
Rehearing Denied March 10, 1967.
Review Denied April 11, 1967.

John B. Marron, Phoenix, for appellants and cross-appellees Bodine.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Don A. Davis and

James Moeller, Phoenix, for appellee and cross-appellee Lightning Moving and Warehouse Co.

Robert K. Corbin, Maricopa County Atty., John A. Golden, Frederic W. Heineman, Deputy County Attys., for appellee and cross-appellant Sheriff of Maricopa County.

DONOFRIO, Judge.

This is an appeal of the defendants Bodine from a summary judgment against them for storage charges, costs and attorneys' fees resulting from a suit filed by appellee Lightning Moving and Warehouse Company to foreclose a warehouseman's lien on personal property stored in their warehouse. The Sheriff of Maricopa County, who was also a defendant in the action, cross-appeals.

. .The Bodines, as lessors, were plaintiffs in a different civil action, hereinafter referred to as the civil action, involving the breach of a lease against the Arizona Battery Manufacturing Co., Inc., hereinafter referred to as the battery company. A few days after filing the complaint, the Bodines caused a writ of attachment to issue and the Sheriff levied on certain personal property belonging to the battery company. This property, consisting mainly of automotive batteries, was then stored on January 20, 1960, by the Sheriff, with Lightning Moving and Warehouse Company, plaintiff herein, hereinafter referred to as Lightning. The Sheriff was issued a non-negotiable warehouse receipt for the items. Out of this lot consisting of over 500 items, a typewriter was released by the Sheriff the following day. Thereafter the Sheriff, again at the instance of the Bodines, made an additional levy pursuant to a writ of attachment on other property of the battery company, approximately 100 items, which was already in storage at Lightning. This property had been taken to the warehouse by the battery company on April 1, 1960.

During the pendency of the civil action Lightning attempted to notice a sale of the attached property for payment of the storage charges, but was prevented by the attorney for Bodines on the grounds that the property was actually held by the Sheriff pursuant to a writ of attachment in the civil action and therefore same could not be sold for storage charges.

Three years after the civil action was instituted, the case went to trial and the jury returned a verdict for plaintiffs in the sum of $1000. At the same time they rendered a verdict in favor of the defendant battery company on their counterclaim in the sum of $1000 for abuse of attachment. Although the minutes show that on February 25, 1963, the Court signed a formal written judgment, no such judgment was ever filed in the case. Although it can be assumed that the respective money judgments offset each other, there is no record regarding the disposition of the attached property or of the dissolution of the attachments.

While the civil action was in this apparently abandoned state, Lightning filed the complaint which is the basis of this appeal, on July 22, 1963. The complaint is for storage charges and to foreclose warehouseman's lien against the Bodines, Arizona Battery Manufacturing Co., Inc., and the Sheriff, in his capacity as Sheriff. The battery company defaulted. The Bodines answered denying any liability and putting in issue many of the material allegations of the complaint. The Sheriff filed a cross-claim against the Bodines for any judgment Lightning might recover against him.

Plaintiff moved for summary judgment which was granted against the Bodines and the Sheriff, jointly and severally, for $1,255.75 storage charges, together with $500 attorneys' fees, plus the 6 percent per annum interest on the judgment, for costs in the sum of $40.70, and for foreclosure of the warehouseman's lien. The trial court further granted a motion made by the Sheriff for summary judgment against the Bodines for all the damages that the plaintiff might recover against him. This appeal and cross-appeal followed.

The crucial question herein is whether the trial court erred in granting the motions for summary judgment. A sum-

mary judgment can be granted only when no genuine issue as to any material fact exists. Rule 56(c), Rules of Civil Procedure, 16 A.R.S. The Bodines urge that there are genuine issues of fact and that each of the judgments should not have been entered as a matter of law. We agree.

■ The record reveals the joining of several issues between plaintiff and the Bodines. The allegations that plaintiff is in the storage and warehouse business; that the warehouse receipts were issued; and that the plaintiff has any lien rights in the property all stand denied. The reasonableness of the storage charges and attorneys' fees, as well as what specific property was in storage, also stand denied and controverted by the Bodines. As to the Sheriff's cross-claim (unverified), we find the Bodines denying liability and the allegations, among others, regarding the extent of the property attached and the disposition thereof. We have previously held that summary judgment should be invoked only when it clearly appears that there are no triable issues of fact. Lawless v. Ennis, 3 Ariz.App. 451, 415 P.2d 465 (1966). The Court was in error in granting the summary judgments.

Inasmuch as this case raises some questions regarding attachment of the property and its storage, which should be answered for future guidance, we shall endeavor to pass upon them.

The overriding question pertains to the liability of an attaching plaintiff and the Sheriff to a warehouseman for storage charges.

In the civil action plaintiffs caused the writs of attachment to issue, directed to the Sheriff to seize certain property so that the property would be available to satisfy any judgment they might obtain. He was required under A.R.S. §§ 12–1521 to 12–1539 to take and keep this property under attachment until the lawsuit was determined or the property was otherwise released by court order. The property was thereby in legal custody and subject to the processes of law.

■■ Payment of the expenses incident to the attachment should have been made through the Court wherein the civil action was pendng. Counsel have not raised this failure and we will not pass upon the matter. It would appear, however, that there has been an abandonment of that litigation. Any failure to terminate that action in this length of time would serve only to foreclose the parties to any rights they might have by reason thereof. Apparently because their damages offset each other, neither party saw to a filing of a judgment wherein the storage charges would have been considered, the reason perhaps being that the charges were more than the goods were reasonably worth. We would hold that Lightning may bring the instant action against the attaching plaintiffs.

Our Court has held that the Sheriff could look to the attaching plaintiff for all legal and reasonable charges incurred. Williams v. Hagans, 56 Ariz. 88, 105 P.2d 960 (1940). In Hagans the plaintiff could not recover these expenses as costs against the defendant without first having obtained a court order under the then existing statute, Section 4253, Revised Code 1928. This statute is similar to the present A.R.S. § 12–1535. For his own protection an attaching plaintiff should first endeavor to obtain a court order for the preservation of the property. Kirkland v. Spriggs, 19 Ariz. 425; 171 P. 992 (1918); Southwestern Commercial Co. v. Owesney, 10 Ariz. 49, 85 P. 724 (1906).

■■ We would hold that under Hagans the Sheriff could look to attaching plaintiffs for all legal and reasonable expenses incurred in the performance of his duty to keep the property. The Sheriff acts as agent of the attaching plaintiff and therefore the expenses incurred may be charged against such plaintiff. Any loss should be borne by the attaching plaintiff since the property was seized for his benefit and at his instigation. The warehouseman could bring action directly against such plaintiff. In this connection, we would also hold that in the absence of any authority from the attaching plaintiff to store the property in a

warehouse, the Sheriff, or anyone claiming through him, would have the burden of showing the need for such storage and the reasonableness of the charges.

■ When the value of property is in danger of being consumed by storage charges pending trial, application should be made to the Court for its sale under A.R.S. § 12–1533. Since the attaching plaintiff can ultimately be liable for all storage charges, his recourse to stop these consuming charges is to apply for an order of sale under this statute.

■ Lightning seeks attorneys' fees as provided in the warehouse receipts. The Sheriff has questioned any such agreement contained in the receipts. We would hold that Lightning could only recover such if the Sheriff were given authority by the attaching plaintiff to store the property in the warehouse and this authority further permitted the Sheriff to contract for payment of attorneys' fees, and that he so contracted. We would apply the principles of agency and the well-accepted rule that attorneys' fees are not recoverable unless there is an agreement to pay them. O. S. Stapley Co. v. Rogers, 25 Ariz. 308, 216 P. 1072 (1923).

We turn to the question of the Sheriff's responsibility to the warehouseman. As we understand, Lightning is urging that the Sheriff is primarily and secondarily liable for storage charges relative to the writs of attachment when property is stored in its warehouse by him, irrespective of the lawsuit.

The following, found in an old Oregon attachment case, expresses the position we shall take:

"* * * the sheriff, by employing a keeper, does not make himself personally responsible to such keeper, unless he shall do so by expressly agreeing to pay him. He might refuse to put a keeper in charge of such property, unless the plaintiff for whose benefit he acts would advance the necessary funds. * * *" Hawley v. Dawson, 16 Or. 344, 18 P. 592, 594 (S.Ct.1888).

■ We hold that the warehouseman could recover reasonable charges from the Sheriff with whom he has dealt in his official capacity, provided the Sheriff was not acting under any authority or direction from the attaching plaintiff to store the goods in the warehouse. But, however, if the Sheriff was acting with such authority or direction, the warehouseman can look only to the attaching plaintiff in the event the charges are not recoverable against the property or the attachment debtor. We believe that to hold otherwise would require the Sheriff and the taxpayer to bear the brunt of private litigation. Public policy does not require that the taxpayer subsidize private litigants in their lawsuits, nor is it just that the Sheriff should do so. Attachment is a statutory remedy and if there is a need for further laws regarding the storing of attached property it is up to the Legislature to pass them.

■ It is also fair that if the Sheriff is unable to store the property in a place available to him, that the attaching plaintiff be apprised of this fact and that he be consulted and his agreement regarding the storage be first obtained rather than to give the Sheriff a free hand. We quote from an 1874 case:

"* * * the policy of the law is, that its executive officer should go among the people to lay hands upon their property, under very needful restriction against the temptation to eat out their substance, by the increase in magnitude or diversity, of the charges and expenses of official service." Crofut v. Brandt (1874), 58 N.Y. 106, 17 Am.Rep. 213, 47 How.Pr. 263.

When an attaching plaintiff has the added obligation concerning payment to a warehouseman there is an incentive to prosecute his claim with diligence so that the charges will not mount.

■ Lastly, we turn to the question of whether, when a judgment is against the Sheriff in his official capacity, the court costs can be taxable against him. We would hold that the case of Hammons v. Waite, 30 Ariz. 392, 247 P. 799 (1926), de-

termines this issue in the affirmative. Cross-appellant Sheriff urges that the later adoption of Rule 54(f) of the Rules of Civil Procedure and the subsequent treatment by the Legislature in 1956 of the statute concerning court costs by separating it into various sections, evidenced an intention to overrule the decision of the Hammons case. We do not read the changes to this effect. When the laws of our state were revised and codified in 1956 the purpose was not to make any change of existing laws.

Since a proper determination of the other issues raised in the briefs depends upon the progress of the case and facts which, as yet, have not been developed, we shall not prolong this opinion further.

Reversed and remanded.

CAMERON, C. J., and STEVENS, J., concur.