425 P.2d 118

William M. STEWART, Appellant,

v.

LEE–STEWART, INC., an Arizona
corporation, Appellee.

No. 2 CA–CIV 293.

Court of Appeals of Arizona.

March 16, 1967.

Rehearing Denied April 18, 1967.

Boyd M. Morse, by Richard L. Keefe, Tucson, for appellant.

R. Lamar Couser, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal from a judgment denying recovery on a complaint and granting judgment on a counterclaim. The litiga-

tion arises, as is so often the case, from a partnership relationship. Here the business conducted was the manufacture and sale of animal-training devices, by which the trainer could punish the animal to be trained with an electric shock, controlled, in some devices, by radio transmissions. The partners were a William M. Stewart, plaintiff below and appellant here, and a Mrs. Gail Lee, who was the principal witness for the corporate-defendant which is the appellee here. The plaintiff, Stewart, handled production in the business and Mrs. Lee was in charge of sales.

In June, 1962, the partners agreed to form a corporation and the assets of the partnership were transferred to the corporate-defendant, under a verbal understanding, the substance of which is in dispute. Plaintiff contended that he had provided tools and merchandise to the partnership, thus creating a debt which the corporation assumed. The defendant denied this claim and counterclaimed for the conversion by the plaintiff of the inventory of parts and tools of the business and for damages for wrongfully withholding these items, thus causing the defendant-corporation to go out of business.

The case was tried to the court without a jury. Judgment against the plaintiff on the complaint was rendered and the defendant was allowed recovery on its counterclaim in the sum of $2,500.85. In addition, the court allowed as taxable costs against the plaintiff the sum of $3,465.10 for the " * * * cost of feeding, care and maintenance, plus medication" for certain animals of the defendant-corporation which were attached in the action under a writ of attachment secured by the plaintiff. These animals, consisting of six hound dogs and one quarter horse mare, were left by the sheriff with the defendant,

and the sum of $3,465.10 is, according to the cost bill filed, the cost to the defendant-corporation of caring for said animals from the time of attachment until the time of judgment.

The questions presented for review are stated in five paragraphs. The first two [1] are stated in such broad terms that they are of no assistance to the court in determining the issues on appeal. In amending its Rule 5(b) (7), Rules of the Supreme Court, 17 A.R.S., so as to provide that in place of assignments of error, there shall be " * * * questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail," we believe that our Supreme Court intended that the questions to be resolved by the appellate court must be expressed more pointedly than has been done here.

■ However, we recognize that the intent of the amendment is to avoid technicality and, in view of the fact that no issue in regard to the sufficiency of the questions presented has been raised by the appellee, and, reading the last three questions presented for review in the light of the argument that follows in the opening brief, we have decided to regard the two questions hereinafter discussed as being properly raised.

## IS THERE SUFFICIENT EVIDENCE TO SUPPORT THE JUDGMENT OF THE COURT?

■ At the time of oral argument, the defendant's counsel admitted that he could not justify the judgment of the trial court in the light of the findings of fact rendered by that court. With this we concur. If properly raised, the failure of the final judgment to be supported by the findings of fact would be grounds for reversal. 5B C.J.S. Appeal and Error § 1893, p. 362; 5 Am.Jur.2d Appeal and

1. These questions are stated:
   "1. Was the Court correct in holding that the Defendant-Corporation was not indebted to the Plaintiff?
   "2. Was the Court correct in holding that the Plaintiff was liable unto

Defendant-Corporation in the sum of $2,500.85 for conversion of said corporate defendant's property?"

Error § 842, p. 286. This point not having been raised, Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966), we proceed to consider whether the judgment can be supported under the evidence construed most favorably to support the judgment. Holaway v. Realty Associates, 90 Ariz. 289, 367 P.2d 643 (1961).

■ As to the plaintiff's complaint, there is a dispute in the evidence as to whether the partnership owed the plaintiff some amount for tools and inventory transferred by him to the partnership and as to whether the corporation assumed whatever obligation the partnership might have had to him by reason of such transfer. On both of these issues, the trial court found against the plaintiff and we find sufficient evidence in the record, or lack thereof, to support the trial court in these respects. Much of the argument of the plaintiff in regard to these findings is based upon the plaintiff's own testimony, and the trial court was not required to accept this testimony, even though not directly contradicted. Graham v. Vegetable Oil Products Company, 1 Ariz.App. 237, 401 P.2d 242 (1965); Udall, Arizona Law of Evidence § 3, p. 10.

■ As to the counterclaim, we are at a loss to support the judgment for the corporation in the amount rendered. The defendant had the burden of proof to establish both the conversion and the amount. 89 C.J.S. Trover and Conversion § 117(b), p. 609; 53 Am.Jur. Trover and Conversion § 176, p. 941.

The defendant's theory of proof was to show that certain merchandise and tools of the corporation had come into the plaintiff's control and had disappeared. To establish the items with which the plaintiff was to be charged, the defendant relied upon an inventory taken on June 8, 1963, which the defendant contended had a value of $6,877.48 (Exhibit R). To this the defendant sought to add $3,253.32, allegedly for property purchased both before and after this inventory. As to purchases allegedly made before the inventory, the theory of recovery was that the items purchased were of such nature that the corporation could not have used them in its business and they were not on hand at the time of the taking of the inventory. The total of these three classifications so sought to be charged against the plaintiff was $10,130.80 and the substantiation for this total was supposedly contained in a certain Exhibit S, prepared by Mrs. Lee. Also, the defendant sought to establish, and the trial court found, that the plaintiff should be charged with (1) certain additional items purchased by the corporation which were " * * * not usable in the operations of the corporation," (quote from finding of fact No. 40) of a value of $569.43 (Exhibit A–1); (2) certain animal-training equipment received by the plaintiff from a subcontractor by the name of Godbout, which the court found had a value of $114 (finding of fact No. 41); (3) certain tools and equipment having values of $177.12 and $361.03, respectively, (finding of fact No. 42); (4) petty cash in the sum of $100 (finding of fact No. 45), and (5) a 1955 Ford Station Wagon, in which the corporation allegedly had an interest worth $200 (finding of fact No. 46). The defendant made additional claims against the plaintiff by reason of business losses resulting from the refusal to deliver over to the corporation its inventory, but failed to prove any damage in this regard and there is no finding by the trial court of any damage for this reason.

As against the amounts with which the defendant sought to charge the plaintiff, the defendant acknowledged that the plaintiff was entitled to the following credits: (1) $5,043.29 as and for the value of the defendant's inventory attached by the plaintiff and taken into the sheriff's custody (Exhibit N); (2) $50.40 for travel expense; (3) $29.12 for telephone expense, and (4) $1,751.23 for the cost of the parts included in items sold by the corporation after the June 8, 1963, inventory was taken (Exhibit T).

During the cross-examination of the defendant's principal witness, Mrs. Lee, numerous discrepancies in the computations were developed, which the witness freely admitted. The list of the "not usable" items, totaling $569.43 (Exhibit A–1), and the "not usable" items in the figure of $10,130.80 (Exhibit S) were revealed during the trial, and are revealed by a comparison of the exhibits in evidence (Exhibits S and A–1), to contain the same items. Testimony as to the other items contained within the overall figure of $10,130.80 (Exhibit S) allegedly "not usable" in production was unclear. Mrs. Lee, the only witness for the corporation in this regard, testified that "possibly" the items were used by the corporation in production or research and that the plaintiff would know whether this was the case better than she would. The plaintiff testified that many of said items were so used. The trial court in this regard refused to adopt a proposed finding submitted by the defendant charging the plaintiff with $10,130.80, and instead adopted as a finding that an inventory had been taken on June 8, 1963, which had a total value of $6,877.48. In addition, the court found that the plaintiff had caused the defendant-corporation to purchase $569.43 in merchandise which was "not usable" by the corporation. Also, the trial court made findings which partially adopted the contentions of the defendant-corporation as to the other items of conversion itemized above. Taking these findings at their fullest, and giving the plaintiff credit for the items which the defendant admitted he was entitled to, the judgment in favor of the defendant could not exceed $1,525.38.[2]

■ Contained within these findings, and attacked by the plaintiff on appeal, are many errors which were admitted by Mrs. Lee. In his brief, the plaintiff has pointed out errors totaling over $2500. The defendant has not in its brief attempted to refute or explain any of these errors. Analysis indicates that a substantial portion of the admitted errors reduce the maximum possible judgment on the counterclaim below $500,[3] but the exact amount thereof cannot be determined on appeal for the reason that there are unresolved uncertainties in the evidence. One such uncertainty arises from Mrs. Lee's testimony that the inventory taken on June

2.

| | Debit | | Credit |
|---|---|---|---|
| $6,877.48 | (finding 34) | $5,043.29 | (finding 32) |
| 569.43 | (finding 40) | 50.04 | (finding 38) |
| 114.00 | (finding 41) | 29.12 | (finding 39) |
| 177.12 | (finding 42) | 1,751.23 | (finding 44) |
| 361.03 | (finding 42) | | |
| 100.00 | (finding 45) | | |
| 200.00 | (finding 46) | | |
| $8,399.06 | | $6,873.68 | |
| 6,873.68 | | | |
| $1,525.38 | | | |

Even this computation is probably excessive, however, in view of an absence of any finding that the plaintiff converted the Ford station wagon (finding No. 46), and in the absence of any finding as to the value of the station wagon. Also, an examination of p. 7 of Exhibit R indicates that the items left with the plaintiff by Godbout (finding No. 41) are included in the June 8, 1963, inventory of $6,877.48, at a value, however, of $544.20, not $114 as found by the court, the latter figure being the amount charged by Godbout for working on the items in question.

———◆———

3. All of the errors do not pertain to the items used to calculate the maximum judgment under the court's findings, n. 2, supra, and hence there is still a possibility of a judgment on the counterclaim in some amount.

8, 1963 (Exhibit R), which she charged against the plaintiff, contained the cost of labor expended by the corporation in improving same, but the compilation of the cost of items sold thereafter, with which the plaintiff was admittedly to be credited (Exhibit T), did not include labor costs. Under this state of the record, we are mandated to order a new trial. Shepard v. Meyer, 91 Ariz. 381, 372 P.2d 715 (1962).

DO COSTS IN A CIVIL ACTION INCLUDE EXPENSES FOR THE CARE OF ATTACHED PROPERTY, IN THE ABSENCE OF A COURT ORDER AND IN THE ABSENCE OF AN AGREEMENT OF THE PARTIES AUTHORIZING SUCH EXPENSE?

We believe the instant question has been answered in the negative by the previous decisions of our Supreme Court. Williams v. Hagans, 56 Ariz. 88, 105 P.2d 960 (1940); Kirkland v. Spriggs, 19 Ariz. 425, 171 P. 992 (1918). Under the foregoing authority, and under the general law, 20 Am. Jur.2d Costs § 1, p. 5, § 2, p. 6, § 5, p. 8, 20 C.J.S. Costs § 1, p. 257, § 2, p. 259, recoverable costs in a civil action are a creature of statute, and unless provided for by statute, are not recoverable. Our applicable cost statute, A.R.S. § 12–332, enumerates certain specific items of cost, inapplicable here, and provides in a final clause for "[o]ther disbursements made or incurred *pursuant to an order or agreement of parties,*" (emphasis added) also inapplicable here. (see citations, supra.) We express no opinion as to whether there might be recovery under some contractual theory in a separate action. See Bodine v. Lightning Moving & Warehouse Co., 5 Ariz.App. 84, 423 P.2d 359 (Court of Appeals, Division One, released February 10, 1967); and Southwestern Commercial Co. v. Owesney, 10 Ariz. 49, 85 P. 724 (1906).

Judgment reversed and cause remanded for a new trial as to all issues.

HATHAWAY, C. J., and KRUCKER, J., concur.