585 P.2d 269

Hanna K. SWEIS and Afife H. Sweis, his wife, and Khalil Sweis and Najla Sweis, his wife, Petitioners,

v.

The Honorable Kenneth C. CHATWIN, Judge of the Superior Court, Maricopa County, Arizona, Respondent Judge,

Edward BRADY and Esther Brady, his wife, Individually and as Trustees under an Agreement of Trust dated April 19, 1977, Respondent Real Parties in Interest.

No. 1 CA–CIV 4445.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 26, 1978.

Johnson, Shelley & Roberts by Richard G. Johnson, Jr., Mesa, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Jolyon Grant, Phoenix, for respondent real parties in interest.

## OPINION

HAIRE, Presiding Judge.

In this special action proceeding, petitioners contend that the respondent trial judge's order, which required that they post security for costs in the amount of $20,000, was arbitrary and capricious, and constituted an abuse of discretion. After considering the special action petition, response and the oral arguments of counsel, this Court entered its order finding that petitioners had no plain, speedy and adequate remedy by appeal, and granted the relief requested by petitioners. The purpose of this opinion is to set forth the factual and legal basis which justified the granting of the relief requested in this special action proceeding.

The petitioners' complaint filed in the trial court stated claims arising from a contract between the parties. Thereafter the

respondent real parties in interest (hereinafter, respondents) filed a motion for security for costs pursuant to Rule 67(d), Arizona Rules of Civil Procedure.[1] In their motion, the respondents alleged that the petitioners were not the owners of property subject to execution within the state of Arizona out of which costs of the action could be recovered. They requested that the trial judge enter an order requiring that petitioners give security for costs in the amount of $25,000, based upon the factual allegations that they (respondents) had already incurred $1,804.95 in costs and $15,670 in attorney's fees, and that they anticipated additional costs of from $500 to $1,000, and an additional $5,000 to $10,000 in attorney's fees.

In their response to the motion for security for costs, petitioners denied that they lacked property within the state of Arizona sufficient to satisfy costs which might be awarded to the respondents. They also urged that, in any event, attorney's fees were not costs within the meaning of Rule 67(d), *supra.* Inasmuch as the respondent trial judge entered an order requiring security for costs in the amount of $20,000, it is apparent that he rejected both of petitioners' contentions.

We consider first petitioners' contention that any attorney's fees which might be recoverable under the circumstances of this case would not constitute "costs" within the scope of Rule 67(d).

Unless provided for by statute, expenditures made by the parties in civil proceedings are not recoverable as costs. *Williams v. Hagans,* 56 Ariz. 88, 105 P.2d 960 (1940); *Stewart v. Lee-Stewart, Inc.,* 5 Ariz.App. 216, 425 P.2d 118 (1967). The items which by statute constitute taxable costs in the superior court are set forth in A.R.S. § 12–332. Attorney's fees are not specifically listed therein, but there is one general category of costs defined in § 12–332 A(6) as "[o]ther disbursements made or incurred pursuant to an . . . agreement of parties."

The agreement of the parties as set forth in their contract contains a provision which gives the successful party in this litigation the right to recover reasonable attorney's fees.[2] However, in construing a substantially identical statutory provision found in A.R.S. § 12–331 relating to taxable costs on appeal, the Arizona Supreme Court has held that such statutory language does not encompass attorney's fees recoverable pursuant to contract so as to make them recoverable as "costs". *Lawrence v. Valley National Bank,* 106 Ariz. 455, 478 P.2d 79 (1970). Similarly, in *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961), the Arizona Supreme Court held that a recovery of attorney's fees pursuant to the provisions of a promissory note could not be classified as costs for the purpose of determining the jurisdictional amount involved in a proceeding in a justice court. *See also, City Inv. Co. v. Pringle,* 49 Cal.App. 352, 193 P. 504 (1920); *Shipley v. Major,* 44 A.2d 540 (D.C. Mun.App.1945). Accordingly, we hold that respondents cannot rely upon the attorney's fees provision in the parties' contract as

1. Rule 67(d) reads as follows:

"Security for costs; when required; bond and conditions. At any time before trial of an issue of law or fact, on motion of the defendant, supported by affidavit showing that the plaintiff is a non-resident of the state, or that the plaintiff is not the owner of property within the state out of which the costs could be made by execution sale, the court shall order the plaintiff to give security for the costs of the action. The court shall fix the amount of the security, the time within which it shall be given and it shall be given upon condition that the plaintiff will pay all costs that may be adjudged against him, and authorize judgment against the sureties, if a written undertaking. If the plaintiff fails so to do within the time fixed by the court, the court shall order the action dismissed without notice."

2. Paragraph 23 of the contract provides:

"*Judicial or Arbitration Proceedings.* In the event that any of the parties to this Agreement are required to resort to judicial or arbitration proceedings for the enforcement of this Agreement, then in that case the successful or prevailing party shall be entitled to recover from the other party or parties, all costs of such judicial or arbitration proceedings, including reasonable attorney's fees."

justification for their contention that attorney's fees should be considered in fixing the amount of any bond for security of costs which might be imposed in this action.

■ Respondents urge that, apart from the attorney's fees provision in the parties' contract and the statutory provisions for costs found in § 12–332, there is a separate statutory basis for considering as costs the attorney's fees which might be awarded to them. They rely upon the provisions of A.R.S. § 12–341.01 (first enacted, Laws 1976, ch. 170, § 2).[3] While it is true that A.R.S. § 12–341.01 now gives the trial judge the discretion to award attorney's fees to the successful party in contested actions arising out of contract, it is our opinion that the statute is inapplicable to the litigation here involved, inasmuch as the parties have provided in their contract the conditions under which attorney's fees may be recovered. Section 12–341.01 A, in plain and unambiguous language provides that this statute "shall in no manner be construed as *altering,* prohibiting or restricting present or future contracts . . . that may provide for attorney's fees." (Emphasis added). If § 12–341.01 were to be held applicable to this litigation, it would in effect cancel the unqualified contractual right to recover attorney's fees given to the successful party by their agreement, and substitute in its place the purely discretionary or permissive right given by the statute. This would clearly be an alteration of the agreement of the parties and for that reason, we find that § 12–341.01 is not applicable here.

■ However, even if we were to assume that § 12–341.01 were applicable to this litigation, it is our opinion that any amount awarded as attorney's fees pursuant thereto could not be classified as a recovery of "costs" in the technical sense so as to come within the meaning of Rule 67(d). Any such an interpretation would severely limit the access of claimants to our courts, and thus the statute should not be so interpreted unless clearly intended and required by the unambiguous language used therein. In reviewing the statute we note that, although the provision is found in an article of our code entitled "Recovery of Costs", *nowhere in the title of the statutory enactment (Laws of 1976, ch. 170, § 2) nor in its provisions is the recovery allowed therein referred to as an item of costs.* See A.R.S. § 1–212. Rather, the statute deals with attorney's fees as a separate matter of allowable recovery and does not specifically make such a recovery a part of costs. In *State v. Barrs,* 87 Fla. 168, 99 So. 668 (1924), the question presented on appeal was whether attorney's fees recoverable pursuant to statute against an insurer unsuccessfully defending a claim were "costs". If not, the lower court had exceeded its jurisdictional limitations. The appellate court held that although the statute provided for the recovery of attorney's fees, they were not specifically made an item of costs, and thus could not be treated as costs. To the same effect, *see Orlando Candy Co. v. New Hampshire Fire Insurance Co.,* 51 F.2d 392 (D.C.S.D.Fla.1931).

Respondents rely upon *Murphey v. Gray,* 84 Ariz. 299, 327 P.2d 751 (1958) and subsequent Arizona decisions interpreting the

---

**3.** As effective during all times pertinent to this litigation, prior to its amendment in 1978, A.R.S. § 12–341.01 provided as follows:

"Recovery of attorney's fees

"A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

"B. The award of reasonable attorney's fees should be made to mitigate the burden of the expense of litigation for a just claim-

ant. It need not equal or relate to the attorney's fees actually paid or contracted.

"C. Reasonable attorney's fees awarded under the provisions of this section shall be awarded by the court, and not by a jury. In making such award, the court may consider such evidence as it deems appropriate, and may receive this evidence during trial on the merits of the cause, or separately, as it deems in the best interest of the litigating parties. Added Laws 1976, Ch. 170, § 2."

For the amended version of the statute, *see* Laws of 1978, ch. 84, § 2.

provisions for recovery of attorney's fees in A.R.S. § 12–1103 as constituting authority for their contention that § 12–341.01 attorney's fees should be classified as costs.[4] None of these decisions involved the question of whether attorney's fees allowed pursuant to § 12–1103 could be considered as costs within the meaning of Rule 67(d). The Arizona Supreme Court held in *Murphey* that § 12–1103 attorney's fees were costs in the sense that a reservation in a decree for the later determination of such attorney's fees did not prevent that decree from becoming final for appeal purposes.[5] Because of the differences in the language of the statutes involved, we do not find *Murphey* persuasive insofar as concerns the question presented here. Unlike § 12–341.-01, the provisions of § 12–1103 expressly refer to the recovery of costs, stating that the court may allow ". . . in addition to the ordinary costs, an attorney's fee to be fixed by the court." While not directly stated, this language clearly implies that attorney's fees in quiet title actions are awardable as costs.

We have not found in our research, either in Arizona [6] or in any other jurisdiction, any authority holding that attorney's fees awarded pursuant to a statutory provision constitute costs within the meaning of a statute or rule requiring the posting of security for costs. Since § 12–341.01 does not specifically define or describe attorney's fees as an item recoverable as costs, we hold that the respondent trial judge erroneously considered that item in fixing the

amount to be posted by petitioners as security for costs in this action.

■ In arriving at the above conclusions, although not cited by either party, the Court has considered the provisions of the recently adopted Arizona Rules of Civil Appellate Procedure, Rule 21(c). That rule provides that when attorney's fees are recoverable on appeal by statute or contract, "the claim for such fees . . . may be included in the statement of costs prescribed by Rule 21(a)."

While we are of the opinion that Rule 21(c) cannot be interpreted as classifying such attorney's fees on appeal as costs,[7] even if Rule 21 could be so interpreted we would not deem the policy reflected therein adverse to the result we have reached in this opinion. The maximum amount allowed for a cost bond on appeal is $500 (*see* Rule 10(a), Arizona Rules of Civil Appellate Procedure), a relatively small sum when compared to the $20,000 set by the respondent trial judge as security for costs in the trial court in this action. Thus the possibility of the inclusion of attorney's fees within the coverage of a bond for costs on appeal cannot possibly lead to the extreme consequences that might result from including attorney's fees within the coverage of a trial court bond for security for costs. Such a requirement would effectively eliminate access to our trial courts for many otherwise meritorious claimants.

In view of our holding that the trial judge erroneously considered attorney's fees in fixing the amount required as secur-

---

4. A.R.S. § 12–1103 relates to quiet title actions, and insofar as pertinent to the question presented in this appeal, provides as follows:

"B. If a party, twenty days prior to bringing the action to quiet title to real property, requests the person, other than the state, holding an apparent adverse interest or right therein to execute a quit claim deed thereto, and also tenders to him five dollars for execution and delivery of the deed, and if such person refuses or neglects to comply, the filing of a disclaimer of interest or right shall not avoid the costs and the court may allow plaintiff, in addition to the ordinary costs, an attorney's fee to be fixed by the court."

5. To reach this result concerning finality, the court relied upon the provision of Rule 58(a),

Rules of Civil Procedure, that "[t]he entry of judgment shall not be delayed for taxing costs."

6. Respondents cite two Arizona Court of Appeals decisions for the proposition that § 12–341.01 attorney's fees may be treated as costs. *Nationwide Mutual Insurance Co. v. Granillo*, 117 Ariz. 389, 573 P.2d 80 (App.1977); *Circle K Corporation v. Rosenthal*, 118 Ariz. 63, 574 P.2d 856 (App.1977). These cases neither hold nor even discuss the question of whether such a recovery constitutes costs.

7. We interpret Rule 21(c) as merely providing a procedural vehicle for the presentation of such a claim to the appellate court.

ity for costs, we need not consider petitioners' contention that the trial judge also erred in concluding that petitioners lacked sufficient property within the state of Arizona out of which costs could be made by execution sale. A new factual determination in that regard must necessarily be made upon remand after the respondent trial judge determines an amount which, excluding attorney's fees, will furnish adequate security for costs within the meaning of Rule 67(d), Rules of Civil Procedure.

For the reasons set forth in this opinion, we have previously entered an order accepting jurisdiction in this special action proceeding and have granted the relief requested by petitioners. Our prior order is hereby approved and confirmed in its entirety.

OGG and EUBANK, JJ., concur.