455 P.2d 468

Russell C. LANE and Maurine M. Lane, his wife, Appellants,

v.

Manuel E. WILKEY and Nancy Wilkey, his wife, Appellees.

No. I CA–CIV 738.

Court of Appeals of Arizona.

June 17, 1969.

Rehearing Denied July 28, 1969.
Review Denied Sept. 30, 1969.

Filler & Paytas, by Charles A. Filler, Phoenix, for appellants.

Welliever, Stidham Smith & Holt, by Ted A. Smith, Phoenix, for appellees.

STEVENS, Judge.

The summary judgment granted to the defendants-appellees is the subject of this appeal.

The Lanes are residents of Grant County, New Mexico. The Wilkeys are residents of Yuma County, Arizona. There is a contract document dated 15 May, 1965. There is an addendum to the document prepared by the use of a different typewriter. The addendum is also dated 15 May, 1965. We are not informed as to which party drafted the contract or as to which party drafted the addendum or who caused these respective portions of the agreement to be prepared. The signatories to the document are the Lanes and Mr. Wilkey. Mr. Wilkey will be referred to herein as Wilkey or as defendant.

■ On 1 May, 1967 the Lanes filed a two-count civil action. Mrs. Wilkey was joined as a party on the theory of a community obligation. The complaint was verified by the husband. The written agreement was not quoted nor was it attached as an exhibit. Attorneys' fees were requested and so it is obvious that a writing was involved. Attorneys' fees cannot be collected in the enforcement of a civil remedy unless allowed by statute, by some recognized principle of law, or by contract. Colvin v. Superior Equipment Co., 96 Ariz. 113, 392 P.2d 778 (1964); Bodine v. Lightning Moving & Warehouse Co., 5 Ariz.App. 84, 423 P.2d 359 (1967).

The first count recited an agreement of 15 May, 1965 whereby the Lanes sold an airplane to Wilkey for $23,500. The Lanes stated that they had fully performed but that the defendants had paid $10,000 and had "caused to be conveyed to plaintiffs certain real property having a value of approximately $2,000". The Lanes sought judgment for $11,500 plus interest and attorneys' fees.

The second count stated that the $23,500 was "payable $10,000 in cash with the balance thereof to be paid at the rate of $1,400 per year, commencing June 1966, together with interest thereon at the rate of 6.6% per annum from May 15, 1965, until paid; *that at said time and prior thereto*, defendant Manuel E. Wilkey advised and represented to plaintiff Russell C. Lane that the balance of $13,500 would be secured by a first mortgage on, or the assignment of the seller's interest in an Agreement for Sale of, certain real property which defendant Manuel E. Wilkey described as 'an irrigated cotton farm in Maricopa County, Arizona.'" (Emphasis added.) There were additional allegations sounding in fraud.

In place of filing an answer with conventional admissions and denials, the defendants filed a motion for summary judgment. The granting of the motion and the judgment entered thereon are the basis of this appeal. The motion did not contain any sworn statements. Attached to the motion were two documents. One document was a contract dated 22 April, 1965 between Wilkey and parties who are strangers to the lawsuit. The other document was the 15 May, 1965 agreement and addendum between the parties to the lawsuit.

After the filing of the motion for summary judgment, the plaintiffs secured leave to amend their complaint by adding a third count in rescission. This was verified by plaintiffs' counsel. Plaintiffs' counsel also executed and filed a further affidavit in resistence to the motion for summary judgment. Again we find the assertions relative to "the real property caused to be conveyed to the plaintiffs by the defendants." There are statements that the land had a value of only $2,000.

■ The use of affidavits in presenting or resisting motions for summary judgment is governed by Rule 56(e) of the Rules of Civil Procedure, 16 A.R.S. This Rule states, in part:

"Supporting and opposing affidavits shall be made on personal knowledge,

shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

A number of assertions were made by counsel on both sides as to the facts. We are confident that these were made in good faith. We do not find them to be stipulations as to the facts and we are limited to the matters presented in the record. In our opinion this case must be resolved by comparing the complaint verified by one of the parties and the 15 May, 1965 agreement. The plaintiffs do not attack the correctness of the copy of the 15 May, 1965 agreement and its addendum which were presented to the trial court and they do not in any way urge that the copy so presented was not the basis of the relationship between the parties. We find the agreement to be unambiguous. In the agreement the Lanes were referred to as the "sellers" and since only Wilkey signed, he was referred to as the "buyer". The critical portions of the agreement are quoted as follows:

"1. The purchase price of said airplane shall be paid as follows:

A. $10,000.00 in cash upon the execution of this agreement.

B. The balance of the purchase price of $13,500.00 shall be paid by Buyer assigning to Sellers a promissory note with a balance due thereon of $13,500.00 bearing 6.6% interest per annum on the unpaid balance thereon, secured by a good, valid and merchantable first mortgage on 40 acres of real estate, together with a mortgagee title insurance policy showing that Buyer has a good, valid and first mortgage covering said real estate."

The addendum is quoted as follows:

"Buyer makes no warranties or representations on the value of said mortgaged real property nor the collectability of said note, nor does seller make any warranties as to the condition of the airplane above described."

The plaintiffs urge in their pleadings that the defendants "caused" real property to be conveyed to them, property of a value of only $2,000. The contract called for a note secured by a first mortgage. The contract is not attacked or explained. There is no basis shown which would permit the plaintiffs to vary the terms of the written contract so as to meet the test required by Rule 56(e) quoted above. In our opinion the second claim for relief is negated by the addendum. It is difficult to visualize a more concise statement by both parties that this was an arms-length transaction and that each placed no reliance upon the other. As to the third claim for relief in rescission, we again find an absence of a proper basis upon which to vary the terms of the written agreement.

On the record presented to this Court the judgment is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.