GEORGE HUIE, administrator, *vs.* JOSEPH BESSER.

Norfolk. November 8, 1957. — December 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Conversion. Personal Property, Possession.*

Evidence merely that while the defendant was visiting a patient in a hospital the patient asked the defendant to take care of a suitcase, not shown to have been then at the hospital, and that the defendant agreed to do so, gave the patient a memorandum bearing an address where he said the suitcase would be, and was offered or given the key to the suitcase did not warrant a finding that the defendant ever had possession of or exercised dominion over the suitcase or that he converted it and its contents.

TORT. Writ in the Superior Court dated January 11, 1954.

The action was tried before *Morton*, J.

*Abraham J. Zimmerman*, for the plaintiff.

*George W. McLaughlin*, for the defendant, was not called on.

CUTTER, J. This is an action of tort for conversion of a suitcase and its contents. The plaintiff duly claimed an exception to the action of the trial judge in directing a verdict for the defendant. The bill of exceptions recites verbatim unusually incoherent testimony from which, however, the following facts could be found. One Foreman, injured in an accident, was in the Boston City Hospital for a period in November, 1952. The plaintiff and the defendant each visited Foreman in the hospital. Foreman asked the defendant to take care of a suitcase (not shown to have been then at the hospital). The defendant agreed to do so, gave Foreman a memorandum bearing the name and address of the defendant's sister-in-law, and told him that the suitcase would be at this address.

The plaintiff was asked on cross-examination whether the conversation in the hospital was about the suitcase. He replied "A. He give suitcase Mr. Besser [the defendant] keep it. Q. He said there is a suitcase and Mr. Besser will keep it? A. All right." There was testimony that Foreman offered or gave the key to the suitcase to the defendant to get some money out of it to pay Foreman's hospital bill.

The defendant then went to Florida. Foreman left the hospital, stayed at a house in Quincy for ten days, and then went to another hospital where he died. The plaintiff after his appointment as administrator of Foreman's estate went to Florida and demanded the bag of the defendant, who did not produce it.

Read in its context, the answer on cross-examination of the plaintiff (who obviously spoke English with some difficulty) merely states the subject of the conversation, and is not testimony that the suitcase was in fact delivered to the defendant. The memorandum of the address of the defend-

ant's sister-in-law, his promise to take care of the suitcase, and the offer or transfer to him of the key, even if they show the defendant's then existing intention to obtain the suitcase (see *Goldman, petitioner,* 331 Mass. 647, 651), are completely unsupported by any evidence (1) that the defendant took any step to carry out his intention, or (2) that the suitcase was ever at the house of the defendant's sister-in-law or, indeed, at any other place.

The plaintiff has not shown that the defendant ever had possession of the suitcase or that he asserted or exercised at any time any dominion (see Restatement: Torts, §§ 223, 224) over it. Accordingly, cases like *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 360–361, *Atlantic Finance Corp.* v. *Galvam,* 311 Mass. 49, 51, and *Refrigeration Discount Corp.* v. *Catino,* 330 Mass. 230, 234, relied on by the plaintiff, are not applicable.

*Exceptions overruled.*