536 P.2d 213

**PERFORMANCE SYSTEMS, INC.,
a corporation, Appellant,**

**v.**

**Les KAHL, Appellee.**

**No. 2 CA–CIV 1808.**

Court of Appeals of Arizona,
Division 2.

June 10, 1975.
Rehearing Denied July 17, 1975.
Review Denied Sept. 25, 1975.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellant.

Richard L. Keefe, Tucson, for appellee.

OPINION

KRUCKER, Judge.

This appeal seeks review of a judgment in the amount of $10,000 in favor of appellee, whose suit against appellant claimed damages for the wrongful removal of cer-

tain fixtures and equipment from a building owned by appellee.[1]

Appellant contends that the judgment is unsupported by the evidence and that the award of $10,000 likewise lacks evidentiary support. We agree with appellant that appellee failed to prove appellant guilty of conversion.

On January 24, 1971, appellant and appellee entered into an agreement wherein appellee agreed to release appellant from its obligations as guarantor of the lessee's obligations under a lease executed January 24, 1969 concerning the subject premises. As consideration for the release, appellant agreed to pay appellee the sum of $10,000 and to remove from the premises, within 60 days thereafter, all fixtures, machinery and equipment installed by the lessee or conduct an auction *in situ*. The agreement further provided that "the removing or selling party" would, at its sole expense, repair all damages to the property occasioned by the removal or sale of the fixtures, machinery and equipment.

The evidence reflects that pursuant to appellant's directions, its agents entered upon the subject premises during March, 1971. At the time of their entry, the windows and doors were boarded up and the two men gained entry by removing plywood from the front of the building and then removing the front door. One of the men testified at trial that "there was evidence of vandalism" when they entered the building. He was shown a list of equipment consisting of 13 items which belonged to appellee and when asked whether all of the items were in the building at the time of entry, he responded in the negative. When asked whether they took any of the 13 items, he responded "yes" but did not know which items were taken. He then indicated that he was not sure that they did take any of the 13 items because Mr. Bonbrake, under whose supervision he was acting, had an itemized list of what they were supposed to take. The record is silent as to what items were on this "list" and, according to the witness, a list was made of equipment which was missing. As equipment was loaded into a van, it was checked off the list which Mr. Bonbrake had made.

Mr. Bonbrake's answers to interrogatories indicated that while working for appellant he had removed fixtures, machinery and equipment from the subject premises. He was asked to describe the fixtures, machinery or equipment he had removed and responded:

"I removed the fixtures, machinery, and equipment belonging to P.S.I. pursuant to a settlement with lessor Les Kahl."

When asked whether he had removed certain specifically described items, his answer was:

"Possibly 3 compartment sink."

His description of the subject premises at the time of entry was:

"It appeared as though previous entry had been gained by breaking a plate glass window. The store was in a state of disarray. Certain pieces of equipment had been disconnected and removed."

Appellee testified that he was aware the building was boarded up, that it was not done by him or at his request, and on cross-examination stated he did not know whether appellant or the lessee, West America Foods, had boarded it up. According to him 13 items were installed in the building when he built it and when he viewed the premises in November of 1971, only three of the 13 items were still there (a sink, floor safe and a walk-in refrigerator). He noticed that the building was boarded up immediately after the lessee moved out in the middle of 1970. He admitted that the three-compartment sink referred to in Mr. Bonbrake's answer to an interrogatory was on the premises after appellant's agents had been there.

1. The judgment also awarded attorney's fees to appellee, but no qustion with respect thereto is raised on appeal.

**94**

There was no showing that appellee's equipment was still on the premises at the time the January 24, 1971 agreement was executed or at the time the lessee vacated the premises in 1970. The only proof presented by appellee as to the existence of his fixtures and equipment was, in essence, that they were on the premises when the building was leased to West America Foods in January, 1969. According to Mr. Kahl, the January 24, 1971 agreement was the result of negotiations between appellant and him commencing after the lessee vacated the premises.

 Appellee, who was claiming appellant had converted his property, had the burden of proving such conversion. Stewart v. Lee-Stewart, Inc., 5 Ariz.App. 216, 425 P.2d 118 (1967). Circumstantial evidence may suffice to support a claim of conversion, Lym v. Thompson, 112 Utah 24, 184 P.2d 667 (1947). However, mere suspicion or conjecture cannot substitute for the evidence required to sustain one's burden of proof. In re Estate of Harber, 102 Ariz. 285, 428 P.2d 662 (1967); Hartford Fire Ins. Co. v. Electrical Dist. No. 4, 9 Ariz.App. 374, 452 P.2d 539 (1969).

Appellee proved only that certain items of equipment had been installed by him in the building more than two years before he found them missing. He presented no evidence from which one could logically infer that the equipment was still on the premises when appellant's agents removed the property they were authorized to remove under the January, 1971 agreement. Under these circumstances, there being no evidence to the contrary, there is a presumption that they did not act wrongfully. 18 Am.Jur.2d Conversion § 158.

In order to establish conversion, the claimant must show that the alleged converter had possession of the property or exercised dominion over it. Huie v. Besser, 336 Mass. 463, 146 N.E.2d 375 (1957). The evidence was insufficient to prove conversion since it failed to afford a rea-

sonable inference that appellant was guilty or to connect appellant with the taking of appellee's property. 89 C.J.S. Trover and Conversion § 134. The major flaw in appellee's case was that he failed to show that at the time appellant's agents entered the premises his fixtures and equipment were there.

Since the requisite burden of proof was not met, the trial judge, sitting as the trier of fact, should have granted appellant's motion for judgment in its favor. The judgment is therefore reversed with directions to enter judgment for appellant on appellee's complaint together with attorney's fees in a reasonable amount.

HATHAWAY and JACOBSON, JJ., concur.

Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge EINO M. JACOBSON was called to sit in his stead and participate in the determination of this decision.